IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| KENDRICK DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:19-cv-2916-DCN-PJG |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Andrew Saul, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

  This matter is before the court on Magistrate Judge Paige J. Gosset's Report and Recommendation ("R&R"), ECF No. 37, that the court affirm Commissioner of Social Security Andrew Saul's (the "Commissioner") decision denying Kendrick Dennis's ("Dennis") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons discussed below, the court adopts the R&R and affirms the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

  Dennis filed an application for DIB on April 4, 2016, alleging a disability onset date of September 16, 2015. The Social Security Administration (the "Agency") denied Dennis's application initially and on reconsideration. Dennis requested a hearing before an administrative law judge ("ALJ"), and ALJ Flora Lestor Vinson presided over a hearing held on April 5, 2018. In a decision issued on August 29, 2018, the ALJ determined that Dennis was not disabled within the meaning of the Act through the date of the decision. Dennis requested Appeals Council review of the ALJ's determination,

and on August 19, 2019, the Appeals Council denied further review, making the ALJ's decision the final decision of the Commissioner.

On October 15, 2019, Dennis filed an action with this court, seeking review of the ALJ's decision. ECF No. 1. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the matter was assigned to Magistrate Judge Gosset, who issued an R&R on October 20, 2020, recommending that this court affirm the ALJ's decision. ECF No. 37. Dennis, proceeding pro se, filed objections to the R&R on November 6, 2020. ECF No. 39. The Commissioner notified the court that it would not be filing a response to Dennis's objections. ECF No. 40. As such, the matter is now ripe for the court's review.

### B. ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to

perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps."  Id. (citing Hunter, 993 F.2d at 35).

To determine whether Dennis was disabled at any point after his alleged onset date of September 16, 2015, the ALJ employed the statutorily required five-step evaluation process.  At step one, the ALJ found that Dennis engaged in substantial gainful employment from January to September of 2016 but did not engage in substantial gainful employment thereafter.  Tr. 13–14.  At step two, the ALJ determined that Dennis suffered from the severe impairment of degenerative joint disease.  Tr. 14.  At step three, the ALJ found that Dennis's impairment did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Id.  Before reaching the fourth step, the ALJ determined that Dennis retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b), except that he can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; and occasionally balance; stoop; kneel; crouch; and crawl."  Tr. 14–18.  At the fourth step, the ALJ found that Dennis "is capable of performing past relevant work as an Overhead Crane Operator as it is generally performed in the national economy."  Tr. 18.  Although

the ALJ could have stopped there, she continued to step five, where she found that, based on his RFC, Dennis could perform jobs in the following categories: Control Quality Examiner, Graders and Sorters, and Parts Packer.  Tr. 19.  Therefore, the ALJ concluded that Dennis was not disabled under the meaning of the Act during the period at issue.  Id.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'" Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987). While the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

Dennis appears in this action without the representation of an attorney. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

### III.  DISCUSSION

As his objections to the R&R, Dennis has filed a one-page letter that generally states his entitlement to benefits but fails to point the court to any specific errors of the R&R.  Although Dennis's generalized objections would not normally warrant de novo review, see Orpiano, 687 F.2d at 47, the court is cognizant of its duty to construe the papers of pro se litigants liberally and to develop any arguments that are specifically asserted and potentially meritorious, Hughes, 449 U.S. at 9-10.  This obligation is particularly important in the context of Social Security appeals, where applicants face a protracted process of review, easily capable of gradually exhausting one's resources.  For this reason, the court resolves to develop the arguments Dennis asserts in his objection letter.  Even having done so, the court finds Dennis's contentions untenable and must therefore reject them.

From Dennis's letter, the court discerns three specific arguments.  First, Dennis states that he received paychecks "as if [he were] working" from January to September 2016.  ECF No. 39 at 1.  Presumably, Dennis is arguing that he did not work during that period, despite receiving earnings.  The court takes this argument to mean that the ALJ erred in finding that Dennis engaged in substantial gainful employment from January to September 2016.  The ALJ's finding is supported by the substantial evidence and in accordance with the law.  For one, the ALJ noted that Dennis received earnings "above substantial gainful activity levels" for the first three quarters of 2016.  Tr. 14.  Indeed, the regulations confirm that Dennis's earnings during that period demonstrate his engagement in substantial gainful employment.  20 C.F.R. § 404.1574(b)(2).  The only evidence in the record indicating that Dennis did not perform work at that time is his own

6

testimony. The court's review does not contemplate reweighing evidence that was before the ALJ. Craig, 76 F.3d at 589. Instead, the court must determine whether evidence supports the ALJ's determination. Based on Dennis's wage reports, the court finds that the ALJ's conclusion that Dennis engaged in substantial gainful employment from January to September 2016 is supported by the substantial evidence.

Moreover, Dennis asserts this argument in his objection letter for the first time, meaning the court should not consider it. See Wheeler v. Berryhill, 2017 WL 3493616, at *2 (E.D.N.C. Aug. 15, 2017) ("[N]ew issues never raised before the magistrate judge do not require" de novo review.); see also Dune v. G4s Regulated Sec. Sols., Inc., 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) ("The Court is not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report."). Even with the benefit of liberal construction, the court must therefore reject Dennis's first argument.

Dennis's letter also states:

> I have been diagnosed with mild and severe spinal stenosis, a pinched nerve and moderate to sever stenosis in my neck. Dr. Westercam also diagnosed me with cervical myelopathy. I am currently receiving treatment from Pain Management. They referred me to a neurologist Dr[.] Erwin Mangubat, MD. He gave a recommendation that I have surgery on my neck. I am currently dealing with anxiety and depression which I am receiving treatment from Dr[.] Jeremy Crisp.

ECF No. 39 at 1. It is unclear whether Dennis is referring to events that took place prior to the ALJ's decision or more recent events that have occurred since the ALJ's decision. To the extent that Dennis refers to events that took place after the ALJ's decision, the court cannot consider them. The court's reviewed is limited to evidence found in the record. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996) ("[I]n determining whether the

7

ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ."). And the court may only consider evidence presented after an ALJ renders his or her decision if, among other requirements, that evidence "relates to the period on or before the date of the ALJ's decision[.]" Dunn v. Colvin, 973 F. Supp. 2d 630, 642 (W.D. Va. 2013) (citing Wilkins v. Sec'y, Dep't of Health & Hum. Servs., 953 F.2d 93, 96 (4th Cir. 1991)).

To the extent that Dennis refers to evidence in the record, his argument still fails. The record contains evidence of treatment by a "Dr. Westerkam." But this evidence fails to advance Dennis's position because Dr. Westerkam opined that Dennis was capable of "light work," consistent with the finding of the ALJ. Tr. 417. Indeed, the ALJ considered Dr. Westerkam's treatment notes and accorded them "great weight." Tr. 17. The court can locate no evidence in the record from Dr. Westerkam that might warrant remand. Additionally, the ALJ's decision is consistent with the evidence from Dennis's treating physician, Dr. Jeremy Crisp. Although Dennis states that he receives treatment from Dr. Crisp for his mental health, there is no evidence of the same in the record. As such, the court cannot consider it. Likewise, the court cannot locate any evidence in the record from a "Dr. Mangubat." Therefore, Dennis's second argument gives the court no reason to overturn the decision of the Commissioner.

Additionally, Dennis attaches to his letter evidence of recent medical visits and asks that the court consider it. This evidence was not before the ALJ and does not relate to a time prior to her decision. As discussed above, the court is constrained to ignore it. Smith, 99 F.3d at 638. With no additional arguments in Dennis's letter to consider, the court affirms the R&R.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the final decision of the Commissioner.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 9, 2021**
**Charleston, South Carolina**